IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| DYSTAR TEXTILFARBEN GMBH<br>& CO. DEUTSCHLAND KG,<br><br>      Plaintiff,<br><br>vs.<br><br>C. H. PATRICK CO. INC., AND<br>BANN QUIMICA, LTDA,<br><br>      Defendants. | Civil Action No. 6:02-2946-WMC<br><br>**O R D E R** |

    This matter is before the court on the defendants' motion in limine to exclude expert testimony of Dr. Richard Blackburn in the fields of indigo dyeing, indigo dyeing processes, and the application of indigo to textile materials. The court has reviewed and considered the defendants' motion, supporting and reply memoranda and the plaintiff's memorandum in opposition, as well as Dr. Blackburn's deposition testimony.

    This action arises from a dispute concerning U.S. Patent No. 5,586,992 (the '992 patent), which is directed to a process for "dyeing cellulose-containing textile material with hydrogenated indigo." The plaintiff alleges that the defendants infringed the '992 patent, both directly and contributorily (am. comp. ¶¶ 10-13). The defendants deny infringing the '992 patent, contend that the '992 patent is invalid, and contend that the inventors of the '992 patent and the plaintiff's predecessor, BASF, committed inequitable conduct.

## **ANALYSIS**

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Elaborating upon the requirements of Rule 702, the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), held that expert testimony is admissible only if it is both relevant and reliable. The Court further held that the trial judge must act as gatekeeper to ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Id.* at 597. To guide this assessment, the Court reviewed four non-exclusive factors for evaluating proposed expert testimony: (1) whether the evidence can be tested, (2) whether the theory has been subjected to peer review or publication, (3) the known or potential rate of error of the technique, and (4) whether the relevant scientific community has generally accepted the theory. *Id.* at 593-94. Because the Court described the inquiry under Rule 702 as a "flexible one," *id.* at 594, it made clear that these factors do not constitute a "definitive checklist or test." *Id.* at 593.

In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999), the Court held that the trial court's "gatekeeping" obligation applies to all expert testimony, not only to "scientific testimony." The Court also held that a trial court may consider one or more of the more specific *Daubert* factors when doing so will help determine that testimony's reliability. The Court reiterated, however, that

> the test of reliability is "flexible," and *Daubert's* list of specific factors neither necessarily nor exclusively applies to all experts or in every case. Rather, the law grants a district court the

>       same broad latitude when it decides how to determine reliability
>       as it enjoys in respect to its ultimate reliability determination.

*Id.* at 142-43.  Ultimately, the reliability of an expert's testimony is to be determined by the "principles and methodology" employed by the expert.  *See Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999) (quoting *Daubert*, 509 U.S. at 594-95).  With this framework in mind, the court now turns to the pending motion.

The defendants seek to exclude the testimony of Dr. Richard Blackburn, the plaintiff's expert, in the fields of indigo dyeing, indigo dyeing process, and the application of indigo to textile materials.  As grounds for exclusion, the defendants contend that Dr. Blackburn – although an expert concerning "colour chemistry" and the chemistry of indigo – is not qualified by knowledge, skill, experience, training or education as an expert concerning dyeing processes involving indigo or regarding "patent validity/infringement involving a patent related to a process using indigo" (def. mem. at 2).

Dr. Blackburn has a B.Sc. in Colour Chemistry and Dyeing and a Ph.D. in Colour Chemistry.  He testified that he has 13 years' experience in the field of the chemistry and application of indigo (dep. at 170).  Since 2000, he has taught undergraduate- and graduate-level courses in Coloration Technology within the Centre for Technical Textiles at the University of Leeds (England).  He further testified that his current research relates to the making of a form of indigo for dyeing, including the reducing method by which the "parent indigo" is reduced to the leuco form (dep. at 37-39).  He specifically explained that his "research is related to the fundamental issues of . . . how indigo reduces from its parent form to the leuco form and . . . the physical interactions that that form has with fiber" (dep. at 38).

The fields of expertise that the defendants seek to identify – indigo dyeing, indigo dyeing processes, and the application of indigo to textile materials – are too narrow.  There is no question that Dr. Blackburn has specialized knowledge, experience, training

and education regarding the principles of colour chemistry, including the making of particular indigo dyes and dye products (def. mem. at 2) and is thus qualified, pursuant to *Daubert* and *Kumho Tire*, to testify as an expert witness in this case regarding not only the chemistry of indigo but also indigo dyeing, indigo dyeing processes, and the application of indigo to textile materials.

Now, therefore,

IT IS ORDERED that the defendants' motion to exclude Dr. Blackburn's testimony is denied.

IT IS SO ORDERED.

    s/William M. Catoe
    United States Magistrate Judge

September 9, 2005

Greenville, South Carolina