IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| DYSTAR TEXTILFARBEN GMBH<br>& CO. DEUTSCHLAND KG,<br><br>     Plaintiff,<br><br>vs.<br><br>C. H. PATRICK CO. INC., AND<br>BANN QUIMICA, LTDA,<br><br>     Defendants. | Civil Action No. 6:02-2946-WMC<br><br>**O R D E R** |

    This matter is before the court on the motion of defendants C.H. Patrick Co., Inc., and Bann Quimica, Ltda., to approve their bill of costs. This action arises from a dispute concerning U.S. Patent No. 5,586,992 (the '992 patent), which is directed to a process for "dyeing cellulose-containing textile material with hydrogenated indigo." The plaintiff alleged that the defendants infringed the '992 patent, both directly and contributorily (am. comp. ¶¶ 10-13). The defendants denied infringing the '992 patent, contended that the '992 patent is invalid, and contended that the inventors of the '992 patent and the plaintiff's predecessor, BASF, committed inequitable conduct.

    The case was referred to this court for disposition on April 19, 2005, pursuant to Title 28, United States Code, Section 636(c), Federal Rule of Civil Procedure 73, and Local Rule 73.01(B), DSC, by order of the Honorable Henry F. Floyd, United States District Judge, and upon consent of the parties.

    A jury trial was conducted before this court September 7-16, 2005. After the jury entered judgment against the defendants for patent infringement of the '992 Patent, and the court denied the defendants' motion for judgment as a matter of law, the defendants were

permanently enjoined from using or inducing others to use, in the United States, products such as Indigo Bann 20 Reduced, Indigo Bann 30 Reduced, or Indigo Bann 40 Reduced, in the process of dyeing cellulose-containing textile materials according to the steps of claims 1-4 of the '992 patent.

The defendants appealed to the United States District Court for the Federal Circuit. On October 3, 2006, the Federal Circuit issued a decision holding claims 1-4 of the '992 Patent invalid for obviousness. *See Dystar Textilfarben GmbH v. C.H. Patrick Co.*, 464 F.3d 1356 (Fed. Cir. 2006). Following this decision, plaintiff DyStar Textilfarben GmbH & Co. Deutschland KG filed a petition for rehearing en banc, which was denied on December 4, 2006. The Federal Circuit's mandate issued on December 14, 2006.

The plaintiff filed a petition for writ of certiorari to the United States Supreme Court on March 5, 2007, and on June 11, 2007, the Supreme Court denied the petition. On July 26, 2007, this court ordered that the defendants' motion to vacate the injunction be granted. The defendants now seek an award of costs under Federal Rule of Civil Procedure 54(d).

The Federal Rules allow for costs "as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Now that the United States Supreme Court has denied the petition for writ of certiorari filed by the plaintiff, the defendants are the "prevailing party" in this case. The plaintiff has exhausted all of its appeal possibilities, and the time to petition the Supreme Court for rehearing has expired. Whether a party "prevails" within the meaning of Rule 54 is a matter of Federal Circuit law, *Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1407 (Fed. Cir. 2004), and the Federal Circuit has acknowledged that "a party who has a competitor's patent declared invalid meets the definition of 'prevailing party.'" *Manildra Milling Corp. v. Ogilvie Mills*, 76 F.3d 1178, 1183 (Fed. Cir. 1996). The defendants fall within this definition because they had claims 1-4 of the '992 patent declared invalid.

2

The Fourth Circuit Court of Appeals has recognized in dicta that an "appellate ruling could render a party a 'prevailing party' if '[o]n its face, [the] ruling entitled the [party] to relief.'" *Goldstein v. Moatz*, 445 F.3d 747, 751 n.3 (4th Cir. 2006) (concluding that the party there was not the prevailing party, but nevertheless indicating that appellate rulings can make a party prevailing) (quoting *Walker v. City of Mesquite*, 313 F.3d 246, 250 (5th Cir. 2002)). Furthermore, other federal courts in patent litigation have recognized that a party who loses in the district court but has the district court's judgment reversed on appeal meets the definition of a prevailing party. *See, e.g., Laitram Corp. v. Nec Corp.*, No. 89-1571, 1999 WL 172949 (E.D. La. 1999). In *Laitram*, the plaintiff filed a patent infringement suit, and the jury found in favor of plaintiff. *Id.* at *1. The defendant moved for judgment as a matter of law ("JMOL") on some of the jury's findings, and the district court granted the defendant's JMOL on one issue. *Id.* The plaintiff appealed and, ultimately, the Federal Circuit reversed the grant of JMOL but did not rule in favor of the plaintiff on all issues. *Id*. Following the reversal, the district court acknowledged that the plaintiff was now "clearly the prevailing party," commented that a party "who has a competitor's patent declared invalid meets the definition of a 'prevailing party,'" explained that a "party need not prevail on all issues to justify an award of costs," and ordered the defendant to pay costs. *Id.* at *2 (citing *Manildra Milling*, 76 F.3d at 1182-83 and *Studiengesellschaft Kohle v. Eastman Kodak*, 713 F.2d 128, 131 (5th Cir. 1983)). Similarly, here the Federal Circuit reversed the district court's judgment as to one issue, declared the plaintiff's patent invalid, and found in favor of the defendants. Based upon the foregoing, the defendants are thus the prevailing parties in this action, and they are entitled to their costs.

The plaintiff further argues that if the court awards costs, the costs for interpreters should not be allowed unless those interpreters were used at trial. The defendants seek $16,673.92 for interpreter costs. The bulk of this cost, $15,839.30, is for interpreter services for depositions. For interpreter services at trial, the defendants seek $834.62. *See* Amended Bill of Costs, Docket No. 235, ex. A, App. D. The defendants argue that

compensation for interpreters is allowed by 28 U.S.C. § 1920(6) and federal case law. They note that the costs listed in Appendix D for interpreters are explicitly recognized as taxable by Section 1920(6), as has been acknowledged by numerous federal courts where the United States is not a party, including *Chore-Time Equipment, Inc. v. Cumberland Corp.*, 713 F.2d 774, 781 (Fed. Cir. 1983) (finding costs taxable for translation of German patent in case between private parties) and *Mastrapas v. New York Life Insurance Co.*, 93 F.R.D. 401, 404-405 (E.D. Mich. 1982) (providing for compensation of interpreters where reasonably necessary to conduct depositions). Further, the defendants note that courts have not limited "compensation for interpreters" to only those services provided at trial. For example, in *Slagenweit v. Slagenweit*, 63 F.3d 719 (8th Cir. 1995), the Eighth Circuit Court of Appeals upheld the district court's taxing of costs with respect to the translation of a deposition transcript that was not introduced at trial. *Id.* at 721. While *Slagenweit* and most other federal cases relate to translation costs and not interpreter costs, a number of federal courts have held that translations fall within the definition of "interpreters" under 28 U.S.C. § 1920(6). *See, e.g., BDT Prods. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 419 (6th Cir. 2005). Thus, the defendants argue that the same rationale applies to interpreters and that they should be awarded those costs associated with interpreter compensation. This court agrees.

Now, therefore, based upon the foregoing,

IT IS ORDERED that the defendants' motion for bill of costs totaling $59,925.12 is granted.[1]

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

October 11, 2007
Greenville, South Carolina

---

[1] The defendants submitted an amended bill of costs on February 23, 2007, in which they agreed to remove costs associated with summary judgment. *See* Docket No. 235, ex. A. It is this amended bill of costs that the court is approving herein.

4